**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| NORTHSIDE HOSPITAL, INC.,   ) | |
|                             ) | |
|        Plaintiff,       ) | |
|                             ) | CIVIL ACTION |
| v.                          ) | FILE NO. _____ |
|                             ) | |
| NORTHSIDE PSYCHOLOGICAL   ) | |
| SERVICES, INC.,              ) | **JURY DEMAND** |
|                             ) | |
|        Defendant.      ) | |
|                             ) | |

## <u>COMPLAINT</u>

Plaintiff NORTHSIDE HOSPITAL, INC. ("Northside") hereby states this trademark infringement complaint against Defendant NORTHSIDE PSYCHOLOGICAL SERVICES, INC. ("Northside Psychological" or "Defendant").

## INTRODUCTION

### 1.

Northside has a longstanding reputation for excellence in hospital and health care services, and its long-owned "Northside" marks have been upheld in this court as strong and distinctive.  Despite knowing about Northside and its intellectual property rights, Defendant is using "Northside" and doing

1

business as "Northside Psychological Services" in direct competition with Northside in the medical and health care services industry, and specifically in connection with psychological and mental health services.  By using "Northside" in, and as the first part of, its name, Northside Psychological is confusing consumers by drawing an association with Northside Hospital where none exists, infringing Northside's family of state-registered and common law marks, and passing off itself and its services as being connected with, sponsored by, or endorsed by Northside when there is no such connection, sponsorship or endorsement.

Defendant was given notice on December 8, 2014 of its infringing and unlawful conduct, and told to stop.  Defendant refused, and continues to use the Northside name to trade off the substantial reputation and goodwill of Northside.  This conduct confuses and injures the public, and Northside, and warrants injunctive relief.

Defendant's conduct violates the federal Lanham Act and Georgia's trademark and unfair competition laws.  At a minimum, Defendant should be enjoined from any further use of "Northside Psychological Services" and any other use of "Northside."  In addition, Northside should be awarded trebled actual damages, Defendant's profits, and Northside's attorneys' fees and costs for having to bring this action to stop Defendant's unlawful conduct.

**THE ACTION**

2.

This is a false designation of origin or sponsorship, trademark infringement, trademark dilution, and unfair competition action for injunctive relief, damages, and attorneys' fees and costs.  It is brought under the federal Lanham Act (15 U.S.C. § 1125), under Georgia's trademark statute (O.C.G.A. §§ 10-1-450 *et seq.*), under Georgia's Deceptive Trade Practices Act (O.C.G.A. § 10-7-370 *et seq.*), and under Georgia common law.

**PARTIES**

3.

Plaintiff Northside Hospital, Inc. is a Georgia non-profit corporation with its principal office and place of business located at 1000 Johnson Ferry Road, N.E., Atlanta (Fulton County), Georgia 30342.  Northside owns and operates Northside Hospital which is also located at 1000 Johnson Ferry Road, as well as Northside Hospital – Forsyth and Northside Hospital – Cherokee, located in Forsyth and Cherokee Counties, respectively.  Northside also owns and operates Northside Behavioral Health, which provides services at the Northside hospitals and at various locations throughout the metropolitan-Atlanta area and North Georgia.

4.

Defendant Northside Psychological Services, Inc. is a Georgia for-profit corporation with its headquarters located at 5755 N. Point Parkway, Suite 256, Alpharetta, Georgia 30022.  Northside Psychological has additional locations at 3903 South Cobb Drive, Suite 235, Smyrna, Georgia 30080 and 1395 South Marietta Parkway, Building 400, Suite 108, Marietta, Georgia 30067.

5.

Defendant can be served with process via service on its chief executive officer and owner, Dr. Christopher French, Ph.D, or via service on its registered agent, Anita Bonsal French, both at 5755 N. Point Parkway, Suite 256, Alpharetta, Georgia 30022.

**JURISDICTION AND VENUE**

6.

This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. §§ 1116(a), 1121, and 1125(a), and 28 U.S.C. §§ 1331, 1338, and 1367, because Northside's claims arising under the laws of the United States give the Court original jurisdiction, and Northside's other claims arising under Georgia law are so related to the federal claims that the Court has supplemental jurisdiction.

4

7.

Defendant is subject to the personal jurisdiction of this Court because it resides and conducts business in Georgia and within this judicial district.  In addition, Defendant's violations of Northside's rights took place in this district and division, where Northside, the holder of the marks at issue, resides and uses the marks.

8.

Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant resides in this district and division, and Defendant's acts giving rise to the claims Northside alleges occurred in this district and division.

## FACTUAL BACKGROUND

### Northside's Business And Its Trademark Rights

9.

Northside offers a full array of health care services to Georgia and metropolitan Atlanta residents.  Northside's health care system includes three non-profit hospitals located in Atlanta, Forsyth County, and Cherokee County, respectively, and numerous affiliated outpatient centers and medical office buildings located throughout the metropolitan-Atlanta area and North Georgia.

10.

All three of Northside's hospitals are full-service, acute-care facilities.
Northside's health care services include its Northside Behavioral Health
services, which include a comprehensive array of psychological and
behavioral health services.

11.

Northside provides its health care services, including its psychological
and behavioral health care services, to fee-paying patients, and also provides
these services to indigent patients in connection with grants from the State of
Georgia.

12.

For the last 16 years, Northside has been recognized as Atlanta's "Most
Preferred Hospital for All Health Care Needs" according to consumer
research reported in the National Research Corporation's Healthcare Market
Guide.

13.

Northside's Behavioral Health services have received the "Gold Seal of
Approval" form The Joint Commission, an independent non-profit
organization who evaluates, accredits, and certifies health care organizations
throughout the country.

14.

Northside's name is associated with the highest quality, and its trademarks, service marks and brand are the most valuable name and brand in health care in the metropolitan Atlanta area and North Georgia.

15.

Northside has used the name and marks "Northside Hospital" and "Northside" in connection with its full array of health care services since its Atlanta hospital opened in 1970.  Northside has continuously used these marks in connection with its services since 1970, and also uses other names and marks containing "Northside", including but not limited to:  "Northside Behavioral Health", "Northside Hospital – Forsyth", and "Northside Hospital – Cherokee".  These marks are referred to herein as the "Northside Marks".

16.

For approximately thirty-five (35) years, Northside has used the "Northside Hospital" and "Northside" marks in connection with and to promote its full array of high quality health care services, including its psychological and behavioral health care services.  Northside has similarly used the "Northside Behavioral Health", "Northside Hospital – Forsyth", and "Northside Hospital – Cherokee" marks in connection with and to promote its healthcare services.

17.

The Northside Marks are recognized by the public as being uniquely represented and associated with Northside, the Northside brand, Northside's services and products, and the high quality and excellent reputation of Northside and its healthcare services.  The Northside Marks have obtained a significant and distinctive reputation and goodwill that extends throughout Atlanta, the state of Georgia, the Southeast, and nationwide, and the marks are strong with respect to health care services in at least the metro-Atlanta area.

18.

Specifically, the term "Northside" has gained secondary meaning within the health care services field in the metropolitan Atlanta area as uniquely and only referring to Northside Hospital.

19.

Northside owns the valid Georgia service mark registration for NORTHSIDE HOSPITAL for "healthcare and medical services", Registration No. S-22453, which issued November 18, 2005.

20.

Northside also owns the valid Georgia service mark registrations for NORTHSIDE HOSPITAL – FORSYTH and for NORTHSIDE HOSPITAL –

CHEROKEE, both for "healthcare and medical services", Registration Nos. S-22454 and S-22455, which issued November 18, 2005.

21.

Northside has protected and enforced its rights in the Northside Marks, and the distinctiveness and strength of the Northside Marks have been proven in court.  For example, in *Northside Hospital, Inc. v. Michael D. Randell, M.D., et al.*, U.S.D.C. N.D. Ga., Civil Action No. 1:09-CV-00508-TCB, the Honorable Timothy C. Batten, Sr. granted summary judgment to Northside on its Lanham Act claim for false designation of origin and infringement of the "Northside" and "Northside Hospital" marks.  The court's summary judgment order included findings that:

- "The survey evidence proves with clarity that the name 'Northside' has obtained secondary meaning in the metro-Atlanta area with respect to the health care industry and is associated with Plaintiff 'Northside Hospital.'"

- "… traditional, non-survey evidence also demonstrated, consistently with the expert reports, that the 'Northside' mark has obtained secondary meaning in metropolitan Atlanta with respect to health care."

- "The 'Northside' and 'Northside Hospital' marks are both strong with respect to health care services in Atlanta.

(Paragraphs 9, 14, and 16 of March 12, 2010 Order and Judgment, a true and correct copy of which is attached as Exhibit A.)

22.

Using its Northside Marks, Northside has actively and extensively promoted its full array of high quality health care services, including its psychological and behavioral health care services.

23.

Northside has spent millions of dollars on advertising and marketing activities designed to promote Northside, the Northside Marks and brand, and public awareness of its health care services, including its psychological and behavioral health care services.

24.

For example, Northside's marketing of its brand, marks, and services includes advertisements in trade publications, tradeshow presentations, television and radio commercials, direct mailings, billboards, online advertising including its <northside.com> website, and other marketing correspondence, materials and efforts.

25.

The Northside Marks are distinctive, strong, and well known within the healthcare field, and have accumulated substantial goodwill based on their longstanding use by Northside in the market, the marks' success in the

marketplace, and the extensive advertising, marketing and media exposure of the Northside Marks.

26.

Northside's trademarks, service marks, name, brand and intellectual property rights are important assets of the company.

27.

Northside used one or more of the Northside Marks to promote Northside's health care services, including its psychological and behavioral health services, decades before Defendant began using "Northside Psychological Services" or other variations of "Northside."

**Defendant's Business And Violations Of Northside's Rights In The Northside Marks**

<u>Defendant Uses "Northside" for Its Competing Health Care Business</u>

28.

Defendant Northside Psychological Services, Inc. is a corporation that was formed on or about July 20, 2000.

29.

Defendant is not affiliated with, sponsored by, endorsed by, or otherwise connected with Northside in any way, and is not authorized to use the "Northside" name or any of the Northside Marks.

11

30.

Defendant offers, promotes, and provides health care services, specifically, psychological and behavioral health care services, in the metro-Atlanta area under the name "Northside Psychological Services" and other variations of "Northside", which is confusingly similar to the Northside Marks.  (See Exhibit B.)

31.

Defendant's psychological and behavioral health care services are similar to and compete with Northside's psychological and behavioral health care services.  Defendant directly competes with Northside for patients in the metro-Atlanta area and for grants from the State of Georgia for the provision of services to indigent patients.

32.

Defendant is marketing its "Northside" psychological and behavioral health care services in the same market and to the same patients and consumers as Northside.

33.

Defendant markets itself and its services using "Northside" online through its website located at www.npsga.com.  On information and belief,

Defendant also markets itself and its services using "Northside" through non-Internet advertising channels.

34.

Defendant knew, or should have known, about Northside and one or more of the Northside Marks given Northside's longstanding use of "Northside", and its longstanding and widely recognized reputation for high quality health care services, including its psychological and behavioral health services.

35.

Defendant began using "Northside Psychological Services" and/or "Northside" in commerce after Northside began using "Northside" and "Northside Hospital" for health care services.

36.

Northside Psychological's name, including its reference to "Northside", confuses, and is likely to confuse, consumers. Specifically, Northside Psychological's use of the term "Northside" in its name misleads and confuses consumers into believing that Northside Psychological is a part of, associated with, sponsored by, or endorsed by Northside Hospital, when Northside Psychological is not associated, sponsored, or endorsed by Northside Hospital.

37.

Defendant's adoption and use of "Northside" for directly competing services, is intentional, knowing, and willful infringement of Northside's rights, and is an intentional, knowing, and willful false designation of origin and/or sponsorship.

38.

In late 2014, Northside became aware of multiple instances where consumers of health care services were confused as a result of Defendant's use of "Northside Psychological Services" and/or "Northside".

39.

By letter of December 8, 2014 from Northside's legal counsel, Northside contacted Defendant and demanded that it immediately cease and desist from its unlawful activity and stop all use of "Northside".

40.

Defendant has refused to stop its unlawful conduct, and continues to use "Northside" in its name and in connection with its competing services.

<u>Likelihood of Confusion Between the Northside Marks
and Defendant's Use of "Northside"</u>

41.

Defendants' use of "Northside Psychological Services" and other variations of "Northside" is likely to cause confusion with the Northside Marks.

42.

"Northside Psychological Services" and "Northside" are substantially and confusingly similar to the Northside Marks.

43.

Northside and Defendant directly compete for patients and for state grants in the health care services field.

44.

Northside and Defendant offer competing identical, similar, and/or related health care services.

45.

Northside and Defendant promote their services and marks through the same channels of trade, including on the Internet.

46.

Defendant's use of "Northside Psychological Services", other variations of "Northside", or any confusingly similar mark, creates a false impression of association, affiliation, connection, endorsement, or sponsorship of Defendant by Northside.

47.

Defendant's use of "Northside Psychological Services", other variations of "Northside", and any derivative thereof, violates Northside's superior and exclusive rights in the Northside Marks, including Northside's rights in its Georgia state registered marks.

48.

Defendant's actions have caused, and continue to cause, irreparable harm to Northside.  Consequently, Northside engaged counsel to enforce the company's legal rights.

49.

Defendant is willfully trading on the commercial value, reputation, and goodwill of Northside and its Northside Marks, and Defendant is deliberately confusing or trying to confuse relevant consumers.

50.

Northside has suffered damages and will suffer irreparable harm as a result of Defendant's refusal to stop its wrongful conduct.

## COUNT ONE

### LANHAM ACT § 43(a)
### FALSE DESIGNATION OF ORIGIN
### (15 U.S.C. § 1125(a)(1)(A))

51.

Northside hereby incorporates and realleges the assertions in Paragraphs 1 to 50 above as if fully set forth herein.

52.

Northside owns the exclusive common law rights in the Northside Marks.

53.

Defendant has knowingly used, and continues to use, the Northside name and Northside Marks through its use of "Northside Psychological Services" and/or "Northside" in interstate commerce in connection with the advertisement, promotion, and provision of Defendant's psychological and mental health services which compete with Northside's services.

54.

By its adoption and use of a confusingly similar, if not identical, name for competing services, Defendant has affixed, applied, annexed, and/or used false designations of origin and/or false or misleading representations of fact in connection with the sale, offer for sale, distribution, and/or advertising of its services in interstate commerce.

55.

Defendant's use of "Northside Psychological Services" and any other variation of "Northside" is calculated and likely to cause confusion, mistake, and deception of consumers, purchasers, and members of the general public as to the origin, source, affiliation, association, connection, or sponsorship of Defendant and/or its services, and is calculated and likely to cause such people to erroneously believe that Defendant and/or its services have been authorized, approved, endorsed, or sponsored by Northside, or are otherwise being provided by Northside.

56.

Defendants' use of "Northside Psychological Services" and any other variation of "Northside" is a knowing, willful, and intentional attempt to trade off the reputation and goodwill of Northside and the Northside Marks.

18

57.

Defendant's conduct constitutes false designation of origin and/or sponsorship in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

58.

Defendant's conduct has been and continues to be knowing, willful, and intentional.

59.

Defendant's unlawful conduct has caused and will continue to cause irreparable harm to Northside and the Northside Marks.  Unless Defendant is enjoined from continuing the aforementioned unlawful acts, Northside will suffer irreparable harm.  Northside has no adequate remedy at law to compensate for this continued, irreparable harm if Defendant's unlawful conduct is allowed to continue.

60.

Pursuant to Section 34 of the Lanham Act, 15 U.S.C. § 1116, Northside is entitled to preliminary and permanent injunctive relief to prevent damage to Northside and the Northside Marks and to prohibit Defendant from further violations of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

61.

In addition, as a direct and proximate result of Defendant's unlawful conduct, Northside has suffered damages in an amount to be determined at trial.

62.

Pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117(a), Northside is entitled to monetary damages, Defendant's profits, costs, and prejudgment interest.

63.

This is an exceptional case under Section 35 of the Lanham Act, 15 U.S.C. § 1117(a), entitling Northside to recover its attorneys' fees and up to three times its actual damages.

64.

Pursuant to Section 36 of the Lanham Act, 15 U.S.C. § 1118, Northside is entitled to a destruction order requiring that Defendant deliver up and destroy all goods, merchandise, products, labels, signs, prints, packaging, wrappers, containers, advertising materials, letterhead, business cards, and other materials, including all Internet references and metatags, bearing "Northside Psychological Services", "Northside", or any other marks confusingly similar to the Northside Marks.

## COUNT TWO

## INFRINGEMENT OF GEORGIA REGISTERED TRADEMARKS
### (O.C.G.A. § 10-1-450 *et seq.*)

65.

Northside hereby incorporates and realleges the assertions in Paragraphs 1 to 50 above as if fully set forth herein.

66.

The Northside Marks are the subject of valid Georgia service mark registrations.

67.

Defendant has knowingly used, and continues to use, Northside's registered service marks through its use of "Northside Psychological Services" and/or "Northside" in connection with the sale, offering for sale, advertising, and provision of Defendant's psychological and mental health services which compete with Northside's services.

68.

Defendant's use of "Northside Psychological Services" and any other variation of "Northside" is calculated and likely to cause confusion, mistake and deception of actual and potential consumers as to the source or origin of Defendant's services, and is likely to cause such people to erroneously believe

that Defendant and/or its services have been authorized, approved, endorsed, or sponsored by Northside, or are otherwise being provided by Northside.

69.

Defendants' use of "Northside Psychological Services" and any other variation of "Northside" is a knowing, willful, and intentional attempt to trade off the reputation and goodwill of Northside and Northside's registered service marks.

70.

Defendant's conduct constitutes infringement of Northside's registered service marks in violation of O.C.G.A. § 10-1-450.  Defendant's infringement is knowing and willful.

71.

Defendant's unlawful conduct has caused and will continue to cause irreparable harm to Northside and its registered service marks.  Unless Defendant is enjoined from continuing the aforementioned unlawful acts, Northside will suffer irreparable harm.  Northside has no adequate remedy at law to compensate for this continued, irreparable harm if Defendant's unlawful conduct is allowed to continue.

22

72.

Pursuant to O.C.G.A. § 10-1-451(a), Northside is entitled to preliminary and permanent injunctive relief to prevent damage to Northside and its registered service marks and to prohibit Defendant from further violations of O.C.G.A § 10-1-450.

73.

In addition, as a direct and proximate result of Defendant's unlawful conduct, Northside has suffered damages in an amount to be determined at trial.

74.

Pursuant to O.C.G.A. § 10-1-451(a), Northside is entitled to monetary damages and Defendant's profits.

## COUNT THREE

## COMMON LAW SERVICE MARK INFRINGEMENT AND UNFAIR COMPETITION

75.

Northside hereby incorporates and realleges the assertions in Paragraphs 1 to 50 above as if fully set forth herein.

76.

Northside first used one or more of the Northside Marks in Georgia in connection with providing health care services, including psychological and mental health services, before Defendant began using "Northside Psychological Services" and/or "Northside".  Since Northside's first use of each of the Northside Marks, it has continuously used the marks in Georgia. As a result, the Northside Marks have become widely known and Northside has become identified in the Georgia public mind as a provider of high quality health care services, including psychological and mental health services. Accordingly, Northside has and maintains all common law rights to the Northside Marks.

77.

Defendant's use of the confusingly similar "Northside Psychological Services" and other variations of "Northside" in connection with the commercial sale, offer for sale, advertising, and/or provision of its services is likely to cause confusion, mistake, and deception as to the affiliation, connection, or association of Defendant and its services with Northside and its services and/or as to the origin, sponsorship, or approval of Defendant and its services by Northside.

24

78.

Defendant's use of the confusingly similar "Northside Psychological Services" and other variations of "Northside" infringes Northside's common law rights to the Northside Marks in violation of Georgia common law.

79.

Defendant had actual knowledge of Northside and the Northside Marks before adopting its confusingly similar name, yet did so intentionally to trade of the reputation and goodwill of Northside and the Northside Marks.

80.

Defendant's unlawful infringement has been and continues to be knowing, willful, and intentional.

81.

Defendants' unlawful infringement of the Northside Marks has caused and will continue to cause irreparable harm to Northside and the Northside Marks.  Unless Defendant is enjoined from continuing the aforementioned unlawful acts, Northside will suffer irreparable harm.  Northside has no adequate remedy at law to compensate for this continued, irreparable harm if Defendant's unlawful conduct is allowed to continue.

82.

Pursuant to the common law of Georgia, Northside is entitled to preliminary and permanent injunctive relief to prevent damage to Northside and the Northside Marks and to prohibit Defendant from further infringing Northside's common law service mark rights.

83.

As a direct and proximate result of Defendant's unlawful infringement, Northside has suffered damages in an amount to be determined at trial. Pursuant to the common law of Georgia, Northside is also entitled to monetary damages from Defendant's service mark infringement.

## COUNT FOUR

## TRADEMARK DILUTION
## (O.C.G.A. § 10-1-451(b)

84.

Northside hereby incorporates and realleges the assertions in Paragraphs 1 to 50 above as if fully set forth herein.

85.

Northside has adopted the Northside Marks and uses these service marks in Georgia.  Northside's marks are distinctive, and Northside and its health care services offered under the Northside name and marks, including

its psychological and mental health services, have obtained a reputation for superior quality.

86.

Defendant's use of "Northside Psychological Services" and other variations of "Northside", which are similar to the Northside Marks, is likely to injure Northside's business reputation and/or likely to dilute the distinctive quality of the Northside Marks.

87.

Defendant has therefore engaged in, and is continuing to engage in, trademark and service mark dilution in violation of O.C.G.A. § 10-1-451(b).

88.

Defendant's trademark and service mark dilution has caused irreparable harm to Northside and the Northside Marks.  Unless Defendant is enjoined from continuing the aforementioned unlawful activities, Northside will continue to suffer irreparable harm.  Northside has no adequate remedy at law to compensate for this continued, irreparable harm if Defendant's unlawful conduct is allowed to continue.

89.

Pursuant to O.C.G.A. § 10-1-451(b), Northside is entitled to preliminary and permanent injunctive relief.

## COUNT FIVE

## VIOLATION OF GEORGIA'S UNIFORM
## DECEPTIVE TRADE PRACTICES ACT
### (O.C.G.A. § 10-1-370 *et seq.*)

90.

Northside hereby incorporates and realleges the assertions in Paragraphs 1 to 50 above as if fully set forth herein.

91.

Defendant's use of "Northside Psychological Services" and other variations of "Northside" is likely to cause confusion or misunderstanding of actual and potential consumers as to the affiliation, connection, or association of Defendant with Northside.

92.

By its adoption and use of one or more of Northside's marks for competing services in the same channels of trade and for the same field of customers, Defendant is attempting to pass off itself and its services as those of Northside.

93.

Defendant's deceptive trade practices have been knowing, intentional, and willful.

94.

As a result, Defendant is likely to cause damage to Northside in violation of O.C.G.A. § 10-1-372.

95.

Unless Defendant is enjoined from continuing the aforementioned unlawful and deceptive trade practices, Northside will suffer irreparable harm.  Northside has no adequate remedy at law to compensate for this continued, irreparable harm if Defendant's unlawful conduct is allowed to continue.

96.

Pursuant to O.C.G.A. § 10-1-373, Northside is entitled to preliminary and permanent injunctive relief as well as attorneys' fees and costs of this action.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Northside Hospital, Inc. demands a jury trial on all claims so triable and prays for judgment as follows:

(a)     The Court enter judgment that Defendant Northside Psychological Services, Inc. has engaged in false designation of origin and sponsorship and service mark infringement in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)), has engaged in infringement of Georgia

registered marks in violation of O.C.G.A. § 10-1-450, has engaged in common law trademark and service mark infringement and unfair competition in violation of Georgia common law, has engaged in trademark and service mark dilution in violation of O.C.G.A. § 10-1-451(b), and has engaged in deceptive trade practices in violation of the Georgia Uniform Deceptive Trade Practices Act (O.C.G.A. § 10-1-372).

(b)    On Northside's First Claim for Relief, damages, disgorgement of Defendant's profits, enhanced damages, attorneys' fees, costs, prejudgment interest, preliminary and permanent injunctive relief prohibiting Defendant from further violations of the Lanham Act, and a destruction order requiring that Defendant deliver up and destroy all goods, merchandise, products, labels, signs, prints, packaging, wrappers, containers, advertising materials, letterhead, business cards, and other materials, including all Internet references and metatags, bearing "Northside Psychological Services", "Northside", or any other marks confusingly similar to the Northside Marks.

(c)    On Northside's Second and Third Claims for Relief, damages, disgorgement of Defendant's profits, and preliminary and permanent injunctive relief prohibiting further infringement of Northside's Georgia registered and common law trademark and service mark rights.

(d)     On Northside's Fourth Claim for Relief, preliminary and permanent injunctive relief prohibiting further dilution of Northside's trademarks and service marks.

(e)     On Northside's Fifth Claim for Relief, preliminary and permanent injunctive relief prohibiting further violations of Georgia's Uniform Deceptive Trade Practices Act (O.C.G.A. § 10-1-370 *et seq*.), attorneys' fees and costs.

(f)     Such further and other relief as the Court deems just and proper.

## **Demand for Jury Trial**

Northside demands a trial by jury on all issues so triable.

Respectfully submitted this 24th day of April 2015.

**/s/ Eric P. Schroeder**
Eric P. Schroeder
Georgia Bar No. 629880
eric.schroeder@bryancave.com
Damon J. Whitaker
Georgia Bar No. 752722
damon.whitaker@bryancave.com
**BRYAN CAVE LLP**
One Atlantic Center – Fourteenth Floor
1201 West Peachtree Street, NW
Atlanta, Georgia 30309-3488
Telephone:  (404) 572-6600
Facsimile:   (404) 572-6999

*Attorneys for Plaintiff Northside Hospital, Inc.*

#6421675_1